*1095 TEXTO COMPLETO DE LA SENTENCIA
El Sr. José M. Benero García solicita la revisión de la sentencia dictada por el Tribunal de Primera Instancia, Sala de Bayamón, el 21 de marzo de 2007, en el caso José M. Benero García v. Olga Aldrich Méndez, civil núm. DAC1998-085Ó, sobre: acción civil. Mediante el referido dictamen, copia de cuya notificación fue archivada en autos el 3 de abril de 2007, el Tribunal de Primera Instancia (“TPF’) no reconoció crédito alguno a ninguna de las partes y decretó- adjudicadas cada una de las controversias sometidas a su consideración.
Luego de ponderar minuciosamente las controversias envueltas en el caso de epígrafe y contando con la comparecencia de ambas partes, la transcripción del juicio y los autos originales, resolvemos confirmar la sentencia apelada.
I
Del expediente ante nos surge que el señor José M. Benero García (en adelante, “Sr. Benero García” o “el apelante”) y la señora Olga Aldrich Méndez (en adelante, “Sra. Aldrich Méndez” o “la apelada”) se conocieron durante el mes de febrero de 1990. Habiendo comenzado una relación sentimental entre ambos, el Sr. Benero García se mudó en julio de 1991 a la casa de la Sra. Aldrich Méndez. Las partes convivieron sin estar casados hasta el 12 de diciembre de 1991, fecha en la que contrajeron matrimonio bajo el régimen económico de sociedad legal de bienes gananciales: Ambos continuaron viviendo en la residencia de la Sra. Aldrich Méndez hasta su separación en abril de 1997. El vínculo matrimonial que existió entre las partes quedó disuelto por sentencia de divorcio dictada el 24 de marzo de 1998, la cual fue archivada en autos el 14 de abril de 1998.
*1096 Así las cosas, el 31 de agosto de 1998, el Sr. Benero García presentó ante el TPI una Demanda sobre acción civil contra su ex cónyuge, la Sra. Aldrich Méndez. En la misma, el Sr. Benero García adujo cinco causas de acción, a saber: 1) devolución de bienes privativos del demandante en posesión y custodia de la demandada; 2) inversión privativa del demandante en bien inmueble privativo de la demandada; 3) préstamos personales hechos a la parte demandada antes del matrimonio; 4) mensualidades de bienes privativos de la demandada, pagadas con dinero privativo del demandante; y 5) deudas gananciales.
El 9 de diciembre de 1998, la Sra. Aldrich Méndez contestó la demanda, negando las alegaciones hechas por el Sr. Benero García y levantando una serie de defensas afirmativas, incluyendo las defensas de prescripción y de enriquecimiento injusto. Mediante moción, la Sra. Aldrich Méndez también reclamó créditos, bienes y deudas gananciales.
Los procedimientos comenzaron ante la Jueza Jeannette Tomasini Gómez. Posteriormente, la Jueza Tomasini Gómez se inhibió de continuar presidiendo los procedimientos y el caso le fue asignado al Juez Misael Ramos Torres.
Así las cosas, y luego de múltiples incidentes procesales, el 21 de marzo de 2007, el TPI emitió su Opinión y sentencia. En la misma, el TPI determinó que todo lo relativo a la primera causa de acción ya había sido resuelto por la Jueza Tomasini Gómez. En cuanto a la segunda causa de acción, el tribunal concluyó que ciertas partidas habían sido contabilizadas doble, pues ya estaban incluidas en la suma de $34,220.07 que fue estipulada en una vista celebrada el 24 de enero de 2000; el tribunal decidió eliminar dichas partidas.
Con relación a la tercera causa de acción, el tribunal determinó que la apelada no le debe nada al apelante por concepto de préstamos personales antes del matrimonio. El tribunal concluyó que las sumas transferidas por el apelante a la apelada no habían sido préstamos personales, sino que fueron dineros que la apelada utilizó para sufragar gastos personales del apelante y del padre de éste.
En cuanto a la cuarta causa de acción, el tribunal señaló que la prueba ofrecida por el apelante para sustentar las alegaciones consistió de una serie de cheques emitidos por la- corporación International Pottery, Inc. Toda vez que dicha corporación no es parte en el pleito, el tribunal no admitió los mencionados cheques en evidencia y denegó la reclamación por insuficiencia de prueba.
Con relación a la quinta causa de acción, el tribunal indicó que, durante el juicio; las partes no ofrecieron prueba de los activos de la comunidad de bienes post-divorcio y que éstas sólo sometieron la prueba correspondiente a la reclamación de deudas gananciales contenidas en la demanda; señaló, además, que lo único a liquidarse de la referida comunidad de bienes eran las deudas gananciales. Aquilatada la prueba, el tribunal determinó que algunas de las deudas eran de dudosa existencia y que la prueba ofrecida por el apelante no fue suficiente para establecer que él incurrió en las alegadas deudas para el beneficio de la familia o de la sociedad de gananciales. En consecuencia, el tribunal denegó la quinta causa de acción en todos sus extremos.
Por último, en cuanto a los créditos reclamados por las partes, el tribunal señaló que al apelante se le reconoció un crédito por la suma de $34,220.07 por concepto de mejoras en la residencia de la apelada; también determinó que la apelada tiene un crédito a su favor de $21,631.68, por lo que el sobrante, correspondiente a la diferencia entre ambos créditos, es de $12,588.39. El tribunal determinó que no se pasó prueba de la existencia de dicho sobrante, o de cualquier otro, al momento en que las partes se separaron. No habiéndose probado que alguna de las partes utilizara el sobrante para su uso personal, el tribunal coligió que el mismo fue utilizado para beneficio de ambas partes, por lo que no le reconoció crédito alguno a ninguna de éstas. En conclusión, el TPI decretó adjudicadas cada una de las controversias sometidas a su consideración. La sentencia fue notificada y copia de su notificación archivada en autos el 3 de abril de 2007.
*1097 Inconforme, el Sr. Benero García acudió ante este Tribunal el 2 de mayo de 2007 mediante el recurso de apelación que nos ocupa. En el mismo, el apelante le imputó al tribunal de instancia la comisión de los siguientes nueve errores:

“1. Erró el tribunal al excluir ciertas estipulaciones de las partes, acordadas en corte abierta.

2. Erró el tribunal en las determinaciones de hechos y de derecho de la primera causa de acción de la demanda, ya que se quedó en controversia la devolución de unos bienes privativos en posesión de la apelada.

3. Erró el tribunal en las determinaciones de hechos y derecho de la segunda causa de acción de la demanda.

4. Erró el tribunal en las determinaciones de hechos y derecho de la tercera causa de acción.

5. Erró el tribunal en las determinaciones de hechos y de derecho de la cuarta causa de acción.

6. Erró el tribunal en las determinaciones de hechos y de derecho de la quinta causa de acción.

7. Erró el tribunal en cuanto a la apreciación de la veracidad, credibilidad y honestidad de la demandada, ya que el “demeanor” y su comportamiento durante la vista en su fondo, específicamente en el turno de contrainterrogatorio, claramente denotan total deshonestidad.

8. Erró el tribunal en la concesión de ciertos créditos reclamados por la demandada.

9. Erró el tribunal al aplicar la doctrina de enriquecimiento a favor de la demandada. ”

El 6 de diciembre de 2007, la señora Aldrich compareció ante nos mediante un escrito de Oposición a recurso de apelación. Con el beneficio de las comparecencias, de los autos originales y de la transcripción de la vista en su fondo, nos encontramos en condiciones de resolver el recurso de epígrafe, y así procedemos a hacerlo.
II
A. Liquidación de la Sociedad Legal de Gananciales
La sociedad legal de bienes gananciales es el régimen económico matrimonial establecido en nuestro Código Civil como uno supletorio a falta de capitulaciones matrimoniales. Es el favorecido por nuestro ordenamiento jurídico. Está reglamentado por los Arts. 1295 al 1326 del Código Civil de Puerto Rico, 31 L.P.R. A. sees. 3621 a 3701, y supletoriamente por las disposiciones del contrato de sociedad, Arts. 1556 al 1599 del Código Civil, 31 L.P.R.A. sees. 4311 a 4399. Se trata de una entidad separada y distinta de los cónyuges que la componen. Universal Funding Corporation, etc. v. Registrador, 133 D.P.R. 549 (1993); Cruz Viera v. Registrador, 118 D.P.R. 911 (1987).
Son varias sus características. Como regla general, se forma por el hecho del matrimonio, aunque puede constituirse expresamente en capitulaciones. Sólo puede establecerse entre marido y mujer. Comienza y finaliza únicamente cuando se da alguna de las circunstancias contempladas en la legislación. Una vez celebrado el matrimonio, los cónyuges no pueden modificar el régimen económico. Sin embargo, pueden renunciar a su participación conforme a las restricciones dispuestas en la ley. Los bienes gananciales se dividen por mitad, indistintamente del monto de las aportaciones de cada cónyuge y aunque alguno de ellos nada haya aportado al caudal común. Pujol v. Gordon, 160 D.P.R. 505 (2003); Int’l Charter Mortgage Corp. v. Registrador, 110 D.P.R. 862 (1981).
*1098 Según lo dispuesto en el Art. 1301 del Código Civil, 31 L.P.R.A. see. 3641, serán gananciales:

“1) Los bienes adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

2) Los bienes obtenidos por la industria, sueldo, o trabajo de los cónyuges o de cualquiera de ellos.

3) Los frutos, rentas, o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges, incluidos los dividendos que se cobren periódicamente de las acciones privativas. ”

También pertenecen a la sociedad los frutos, pensiones e intereses devengados durante el matrimonio que provengan del usufructo o pensión perpetua de uno de los cónyuges aunque dicho derecho sea privativo. Art. 1303, 31 L.P.R.A. sec. 3643. Además, se considerará ganancial las expensas útiles o mejoras hechas a los bienes privativos de los cónyuges, mediante anticipaciones o aportaciones de la sociedad o por la industria del marido o de la mujer. Art. 1304, 31 L.P.R.A. see. 3644.
Se reputarán privativos, conforme al Art. 1299 del Código Civil, 31 L.P.R.A. see. 3631, todos los bienes que cada uno de los cónyuges:

“1. Aporte al matrimonio como de su pertenencia.

2. Que adquieran durante él, por título lucrativo, sea por donación, legado o herencia.

3. Adquiridos por derecho de retracto o por permuta con otros bienes, pertenecientes a uno solo de los cónyuges.

4. Comprados con dinero exclusivo de la mujer o del marido. ”

Los bienes adquiridos durante el matrimonio, pues, se tienen por gananciales mientras no se pruebe lo contrario. La presunción de naturaleza ganancial cuando el régimen económico se rige por las reglas de la sociedad de bienes gananciales surge del Art. 1307 del Código Civil, 31 L.P.R.A. see. 3648. Dicho precepto dispone que se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer. Cuando exista controversia sobre la naturaleza privativa o ganancial de un bien, la persona que alega el carácter privativo tiene el peso de la prueba para derrotar la presunción con preponderancia de la prueba. Echevarría Jiménez v. Sucn. Pérez. Meri, 123 D.P.R. 664, 681 (1989).
Los Artículos 1316-1322 del Código Civil, 31 L.P.R.A. sees. 3691-3697, establecen la forma en que se adjudicarán los bienes gananciales. En síntesis, señalan que luego de realizarse las deducciones en el caudal inventariado reconocidas por el Código Civil —tales como las deudas, cargas y obligaciones de la sociedad — , el remanente constituirá el haber de la sociedad de gananciales, del cual se liquidará y pagará el capital del marido y la mujer. Vega v. Tossas, 70 D.P.R. 392, 395 (1949); Serrano Geyls, Derecho de Familia dé Puerto Rico y Legislación Comparada, V. I, San Juan, P.R., 1997, a las págs. 458 y ss.
Según dispone el Art. 1295 del Código Civil, 31 L.P.R.A. see. 3621, las ganancias o beneficios durante el matrimonio, una vez disuelto, se adjudican a ambos por mitad. De igual modo, lo generado durante el término de la comunidad en liquidación es por partes iguales, ya que cada comunero participa en los beneficios y cargas de la comunidad en proporción a su cuota. Calvo Mangas v. Aragonés Jiménez, 115 D.P.R. 219, 228 (1997); Rosa Resto v. Rodríguez Solis, 111 D.P.R. 89, 91-93 (1981).
*1099 Los bienes del matrimonio se presumirán gananciales mientras no se demuestre que pertenecen privativamente al marido o a la mujer. Art. 1307 Código Civil, 31 L.P.R.A. see. 3647. El peso de la prueba para rebatir el presunto carácter ganancial recae sobre quien sostiene la naturaleza privativa del bien objeto del litigio. González Cruz v. Quintana Cortés, 145 D.P.R. 463, 468-469 (1998); Echevarria Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 681 (1989); Espendez v. Vda. de Espendez, 85 D.P.R. 437, 441-442 (1962). Ahora bien, a los fines de satisfacer la conciencia del juzgador, el rigor de la prueba es menor cuando se trata de un pleito entre ex cónyuges o entre los herederos de uno y el cónyuge supérstite, que cuando se litigan intereses de terceros. García v. Montero Saldaña, supra, pág. 322.
Contraído el matrimonio bajo el régimen de la sociedad de gananciales, se entiende que la gestión económica de cada cónyuge se hace para beneficio de la sociedad y no para beneficio individual. Raúl Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. I, Universidad Interamericana de Puerto Rico, 1997, pág. 338. No obstante, el régimen de gananciales prevaleciente en nuestro ordenamiento reconoce, como axioma principal, el patrimonio individual de los cónyuges separado del de la sociedad. García v. Montero Saldaña, supra, págs. 335-337.
A la disolución del matrimonio, los cónyuges harán suyos por mitad las ganancias o beneficios obtenidos por cualquiera de ellos durante el matrimonio.
El Código Civil declara como bienes gananciales: los obtenidos por titulo oneroso durante el matrimonio a costa del caudal común; los obtenidos por la industria, sueldo o trabajo de los cónyuges; y los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de bienes comunes o de bienes privativos. Art. 1301 del Código Civil, 31 L.P.R.A. see. 3641.
B. Apreciación de la Prueba
Por otro lado, es norma jurídica reiterada en nuestro ordenamiento procesal que la apreciación de la prueba que realiza el tribunal sentenciador y la credibilidad que dicho foro otorga a la prueba, merece gran deferencia por los tribunales apelativos, los cuales, en ausencia de circunstancias extraordinarias o que demuestren que el tribunal apelado actuó movido por la pasión, el prejuicio, la parcialidad, o error manifiesto, no deben intervenir con las determinaciones de hechos de este último. Municipio de Ponce v. Autoridad de Carreteras y Transportación, 153 D.P.R. 1 (2001); Trinidad García v. Chade, 153 D.P.R. 280 (2001); Colón González v. K-Mart, 154 D.P.R. 510 (2001); Monllor Arzola v. Soc. Legal de Gananciales, 138 D.P.R. 600 (1995).
Dispone la Regla 43.2 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A., Ap. Ill, R. 43.2, en lo pertinente, que “[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el Tribunal Sentenciador para juzgar la credibilidad de los testigos”.
La jurisprudencia ha establecido que el fundamento de la deferencia a los foros sentenciadores se debe al hecho de que dichos foros son quienes tienen la oportunidad de observar a los testigos mientras deponen, sus gestos, dudas y contradicciones. Al apreciar la prueba ante su consideración, los tribunales apelativos no habrán de pasar juicio sobre la credibilidad de los testimonios ofrecidos ante el foro de instancia y sustituirlo por el criterio propio. Pueblo v. Dávila Delgado, 143 D.P.R. 157 (1997); Pueblo v. Chévere Heredia, 139 D.P.R. 1 (1995); Pueblo v. Rodríguez Román, 128 D.P.R. 121 (1991).
Es decir, que constituye un principio cardinal que los foros apelativos no intervendrán con las determinaciones efectuadas por los jueces de instancia a menos que en las mismas exista error manifiesto o que éstos hayan actuado movidos por prejuicio, parcialidad o pasión. Monllor v. Soc. de Gananciales, 138 D.P.R. 600 (1995); Pueblo v. Lorio Ormsby I, 137 D.P.R. 722 (1994).
*1100 No obstante, la norma antes expuesta no implica que los foros de instancia sean inmunes a cometer errores ni que tales determinaciones sean inmutables. Las determinaciones del juzgador, aunque respetables y merecedoras de deferencia, no son absolutas. El tribunal apelativo, en su función revisora, por vía de excepción, puede descartar las determinaciones de hechos del Tribunal de Primera Instancia cuando éstas no representan el balance más racional, justiciero y jurídico de la totalidad de la prueba que desfiló ante dicho tribunal. Véanse, Méndez v. Morales, 142 D.P.R. 26 (1996); Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987).
Es menester mencionar que en cuanto a la evaluación de prueba documental o pericial, los tribunales apelativos se encuentran en las mismas condiciones que los tribunales de instancia, por lo que no es aplicable la norma de deferencia judicial. Es por eso que los tribunales apelativos pueden adoptar su propio criterio en cuanto al valor probatorio de ese tipo de evidencia. Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R., 150 D.P.R. 658, 662 (2000).
Ill
Mediante su primer señalamiento de error, el apelante sostiene que el TPI incidió al excluir de la sentencia apelada una estipulación de las partes que fue acordada en corte abierta. [1] Según aduce, la estipulación fue a los efectos de que las obras y las mejoras en el inmueble privativo de la apelada se iban a computar en base a la inversión económica del apelante y no en base a la tasación del inmueble.
No le asiste la razón. Si bien es cierto que la estipulación sobre el valor de la inversión del apelante en el inmueble no fue expresamente incluida en la sentencia apelada, ello no necesariamente implica que el tribunal de instancia haya dejado a un lado lo acordado por las partes. Del expediente ante nos se desprende que, al resolver la segunda causa de acción de la demanda, relacionada a la inversión privativa del apelante en el inmueble privativo de la apelada, el TPI se basó en el valor de $34,220.07 estipulado por las partes. No se desprende que el TPI haya utilizado el valor de tasación del inmueble para resolver esta controversia, ni cualquier otra en el caso de autos.
El apelante también nos señala que el TPI erró al excluir una alegada estipulación relacionada a la admisibilidad de unos documentos titulados Certificación y Declaración so Pena de Perjurio. [2] El apelante cuestiona el que el TPI no haya admitido los referidos documentos en evidencia por el fundamento de que los mismos no estaban juramentados ante notario. En cuanto a estos documentos, los cuales fueron presentados con el aparente fin de eximir a la Sra. Velda González de Modestti de comparecer al tribunal a testificar, concluimos que la estipulación que se dio entre las partes fue a los efectos de que la Sra. González de Modestti podría consignar su testimonio mediante declaración jurada. Véase Minuta del 20 de mayo de 2002, en los autos originales. Ninguno de los dos documentos ofrecidos por el apelante constituye una declaración jurada, pues éstos no han sido juramentados ante notario. En vista de ello, el TPI no estaba obligado a admitirlos en evidencia. El error señalado no se cometió.
En su segundo señalamiento de error, el apelante plantea que el TPI erró al determinar que la primera causa de acción ya había sido resuelta eñ su totalidad por la Jueza Tomasini Gómez. Según sostiene el apelante, unos bienes muebles adquiridos por él antes del matrimonio, los cuales valoró en aproximadamente $5,000.00, aún están en posesión de la apelada. Los bienes muebles en cuestión, nos indica, son los siguientes:

“a. dos cajas de efectos personales importantes

b. aro de matrimonio valorado en $4,000.00

c. pulsera de “set” tipo “Cartier”, que la apelada declaró se le había perdido

d. joyero de seda china

*1101
e. “set” de dos figuras de barro en forma de pez

f. “set” de mariposas en cerámica

g. adornos de nevera comprados en Disney World

h. 1 tiesto italiano de 18”, modelo 800 pot

i. 1 tiesto español de 28cm. modelo #17281 Granada pot

j. 1 tiesto de 34cm., modelo #17341-Granada pot

k. 1 tiesto negro de cerámica de 6”, modelo Gainy-California

l. tiesto Day si Bowl #18”.

El apelante sostiene que ofreció fotografías (Identificación #6 del demandante) en donde se identificaron algunos de estos objetos y que la apelada no refutó dicha prueba, con excepción de la pulsera descrita en el inciso (c), la cual la apelada dijo que se le había perdido. El apelante arguye que el TPI debió concederle un valor nominal de reemplazo de dichos bienes muebles privativos o, en su defecto, ordenar la devolución de los mismos.
Nuevamente, no le asiste la razón. Durante la inspección ocular llevada a cabo el 25 de enero de 2000 en la residencia de la apelada, el apelante tuvo la oportunidad de buscar y llevarse los bienes muebles privativos suyos que aún permanecían allí. A pesar de que un Alguacil, en compañía del apelante, buscó por toda la casa, no pudo dar con los objetos aquí listados. Culminada la inspección ocular, la Juez Tomasini Gómez dispuso que “[djespués de hoy no se aceptarán más reclamaciones de artículos dejados por el demandante en la residencia de la demandada. ” [3]
Posteriormente, en la vista en su fondo celebrada el 1 de abril de 2003, el Juez Ramos Torres indicó que la primera causa de acción ya había sido resuelta por la Juez Tomasini Gómez. La representación legal del apelante argüyó que la controversia en cuanto a los referidos bienes muebles no había sido resuelta, ya que “[ejl problema es que él no los dejó. Es que no aparecieron.” [4] En ese entonces, el Juez Ramos Torres cuestionó al apelante sobre el valor monetario de los artículos desaparecidos:

“P: Treinta (30) pesos. ¿Qué más? ¿Todo eso a cuánto asciende, según usted?

R: Bueno, es que yo no lo había puesto como dinero, porque en verdad lo que a mí me interesaría sería que ella me lo devuelva. No es la cuestión de dinero. Yo no le di un valor estimado en dinero, Su Señoría. En verdad, a mí lo que me interesaría, como están ahí en los retratos, que usted los puede ver que estaban en la casa. De hecho, está la lista de lo que ella me devolvió y lo que se firmó y eso no aparece. En verdad, a mí no me interesa el dinero. Lo que me interesaría serían los artículos.

P: Pero, ya se hizo una inspección ocular. Si sobre eso entonces, no pasamos prueba, porque como ella hizo una inspección ocular, y la Juez dijo que no existían, pues, no... Y él dice que no le interesa, lo que quiere es que se los devuelva, pues, ya está adjudicado. ”

Véase Transcripción de juicio en su fondo, Tomo I, pág. 104.
En vista de que los bienes muebles de referencia no aparecieron, a pesar de haberse realizado una extensa *1102 búsqueda en la residencia de la apelada, somos de la opinión que lo único que el apelante tenía expectativa de recuperar era el valor de reemplazo de los mismos. Como hemos podido apreciar, el TPI dio al apelante amplia oportunidad de que declarara en el juicio sobre el valor monetario de estos bienes. Sin embargo, el apelante declaró que no interesaba el dinero e insistió en que le fuesen devueltos los artículos desaparecidos. Es forzoso concluir que el TPI no erró al resolver que ya la controversia había sido adjudicada. Es inmeritorio que en el presente recurso el apelante arguya que el TPI debió concederle un valor nominal de reemplazo de dichos bienes muebles, cuando es meridianamente claro que el juez de instancia le cuestionó sobre el valor de éstos y el apelante optó por insistir en su devolución. Asimismo, resulta sumamente ilógico que el apelante haya incluido el aro de matrimonio en la lista de bienes muebles privativos que alegadamente se encuentran en posesión de la apelada. En ocasión de la antes mencionada inspección ocular, la Jueza Tomasini Gómez determinó que dicho aro de matrimonio fue un regalo en el momento de la boda. Así se hizo constar expresamente en la Minuta de 25 de enero de 2000, la cual fue notificada el 14 de febrero de 2000. [5] De haber estado en desacuerdo con dicha determinación interlocutoria, el apelante debió haber solicitado oportunamente la revisión de la misma; no lo hizo. Cabe señalar, además, que la representación legal del apelante expresó durante el juicio que “[n]o vamos a pelear más por esto. Vamos a darlo por adjudicado. Que le toque a ella completo el aro.” [6]
Mediante el tercer señalamiento de error, el apelante cuestiona las determinaciones de hechos y de derecho que formuló el TPI al resolver la segunda causa de acción. Como señaláramos anteriormente, la segunda causa de acción tiene que ver con una inversión privativa del apelante en el inmueble privativo de la apelada. Según nos indicó el apelante, él le hizo una serie de obras y mejoras al referido inmueble durante los seis meses antes de contraer matrimonio con la apelada, las cuales incluyeron: una habitación nueva “master suite”, con baño y “'Jacuzzi”, “landscaping”, puertas de “closets” de espejos hechas a la medida para casi toda la casa, portones eléctricos nuevos y trabajos en madera. Alegó que dichas mejoras las pagó con dinero privativo suyo, producto de una demanda de daños y perjuicios que transigió en el tribunal de distrito federal antes de conocer a la apelada. La reclamación total de dicha causa de acción fue por $42,017.01. La apelada estipuló la suma de $34,220.07. La diferencia entre la reclamación total y la suma estipulada es de $7,796.94. Esta cantidad corresponde a la suma de unas partidas detalladas en la prueba documental ofrecida como Identificación #5 del apelante. En el dictamen apelado, el TPI concluyó que tales partidas, del Exhibit 3 del demandante, estaban contabilizadas doble, pues ya estaban incluidas en la suma de $34,220.07 que fue estipulada en una vista celebrada el 24 de enero de 2000. En consecuencia, el TPI eliminó las referidas partidas y concluyó que el apelante falló en probar que su inversión en las mejoras era mayor que la suma estipulada de $34,220.07. El apelante arguye que, en base a la numeración de cheques y facturas presentadas en evidencia, no hay contabilidad doble; nos plantea que el TPI confundió dicha prueba documental y erróneamente eliminó la misma.
Es un principio firmemente arraigado en los procedimientos apelativos que la apelación se da contra el resultado y no sus fundamentos. Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314, 330 (1997). Por ello, en el caso de autos, aunque no concurrimos con algunos de los fundamentos de la sentencia apelada, ello no constituye base para revocarla, si existen otros fundamentos esbozados en los cuales puede sostenerse lo resuelto en dicha determinación. Pueblo v. Pérez Rodríguez, 159 D.P.R. 554, 566 (2003).
Si bien es cierto que el Exhibit 3 del demandante fue presentado en evidencia para sustentar su reclamo de la tercera causa de acción, y que fue la prueba contenida en la Identificación #5 la que el apelante ofreció para sustentar la segunda causa de acción, no por ello debemos concluir que la determinación del TPI fue errónea. Como hemos podido apreciar, la suma de $34,220.07 constituye la totalidad de los créditos a los que tiene derecho el apelante por concepto de las mejoras que realizó en la residencia de la apelada. Las partidas que reclama el apelante en su segunda causa de acción incluyen gastos que el TPI correctamente determinó son gastos de mantenimiento del inmueble. Por otro lado, en dicha causa de acción, el apelante incluyó un reclamo de $166.00 por unas plantas de terraza (Magazine Gardens) cuando ya había renunciado al mismo. Véase Minuta del 25 de enero de 2000, pág. 21 del Apéndice del recurso. Analizados los planteamientos de las partes, concluimos que el TPI no erró al eliminar las partidas incluidas en la segunda causa de acción. *1103 En el cuarto señalamiento de error, el apelante aduce que el TPI incidió en la adjudicación de la tercera causa de acción. Mediante su tercera causa de acción, el apelante reclamó el pago de la suma de $21,485.29, la cual alegó corresponde al total de varios préstamos personales que le hizo a la apelada antes de contraer matrimonio con ella. Para sustentar su reclamación, el apelante sometió evidencia documental en el juicio, la cual consistió de veintidós (22) cheques de su cuenta en Paine Webber. [7] Ante nos, el apelante arguye que la apelada ofreció prueba insuficiente para rebatir la prueba que él presentó. No tiene razón.
En el caso de autos, el apelante no presentó prueba de que se hubiese perfeccionado un contrato de préstamo entre las partes; tampoco presentó prueba de haber hecho, con anterioridad a la presentación de la demanda, gestión de cobro alguna a la apelada. Más bien, el apelante se limitó a resaltar la existencia de las sumas transferidas y catalogarlas como préstamos. En cuanto a este reclamo del apelante, al TPI les mereció credibilidad la prueba documental y el testimonio de la apelada, los cuales demostraron que el apelante le entregó los mencionados cheques, no en calidad de préstamo, sino con el fin de que ella, luego de depositarlos en su propia cuenta, pagara con dichos fondos las cuentas y obligaciones personales, familiares y de negocios del apelante. Aquilatada la prueba testifical y documental, el TPI concluyó que las sumas transferidas por el apelante a la apelada no habían sido préstamos personales, sino que fueron dineros que la apelada utilizó para sufragar gastos personales del apelante y del padre de éste.
Según señaláramos anteriormente, las determinaciones que hace el juzgador de los hechos no deben ser descartadas arbitrariamente ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que no existe base suficiente que apoye tal determinación. Rolón v. Charlie Car Rental, 148 D.P.R. 420, 433 (1999). Resolvemos que no hay razón para intervenir con las determinaciones del tribunal de instancia en cuanto a la tercera causa de acción. No se cometió el error señalado.
En su quinto señalamiento de error, el apelante nos plantea que el TPI erró en sus determinaciones de hechos y de derecho al resolver la cuarta causa de acción. La referida causa de acción estaba relacionada al reclamo de una serie de créditos por pagos, hechos durante el matrimonio, de un automóvil y de la hipoteca de la residencia de la apelada, ambos bienes privativos de ésta. Los pagos del automóvil suman $4,625.79 y los de la hipoteca $13,355.94. Ambas partidas suman $17,981.73, de los cuales el apelante reclamó la mitad, o sea $8,990.87. Para sustentar esta reclamación, el apelante ofreció prueba documental que consistió de cheques emitidos por la corporación International Pottery Imports, Inc., de la cual él era propietario. Según se desprende de la sentencia apelada, el TPI denegó la admisibilidad de dicha prueba documental por el fundamento de que la mencionada corporación nunca fue parte en el pleito. El apelante sostiene que el foro sentenciador erró al excluir la referida prueba documental. Aduce que el capital privativo para iniciar la corporación provino exclusivamente de la cuenta de Paine Webber privativa suya; y que, para la fecha de la presentación de la demanda de autos, International Pottery Imports, Inc. no tenía capacidad para demandar ni ser demandada, por ya no ser un ente jurídico. El apelante arguye que procede la admisibilidad del Exhibit 7 del demandante. No le asiste la razón.
Como es sabido, nuestro Código Civil, en sus Artículos 27, 28, 29, 30 y 31, 31 L.P.R.A. sees. 101-105, establece que las corporaciones tienen personalidad jurídica propia. Asimismo, la Ley General de Corporaciones de 1995, Ley Núm. 144 de 10 de agosto de 1996, en sus Artículos 2.01 y 2.02, 14 L.P.R.A. sees. 2651 y 2652, reconoce la personalidad jurídica de los entes corporativos, distinta a la personalidad y al patrimonio de sus accionistas. En el caso de autos, los pagos de los cuales el apelante reclama la mitad, fueron hechos por la corporación International Pottery Imports, Inc. Del expediente ante nos surge que dicha corporación cerró operaciones para el 1994. Concluimos que el TPI no erró al no admitir la evidencia presentada por el apelante y, en consecuencia, al denegar la cuarta causa de acción.
En su sexto señalamiento de error, el apelante sostiene que el TPI erró en las determinaciones de hechos y derecho formuladas con respecto a la quinta causa de acción. Mediante dicha causa de acción, el apelante reclamó una serie de alegadas deudas gananciales contraídas durante el matrimonio, a saber:

*1104
“1. Adalberto Gutiérrez $8,500.00

2. Hospital del Maestro $736.00

3. José Benero Feliciano $5,000.00

4. Visa de FirstBank $2,708.00

5. MasterCard de FirstBank $2,944.00

6. American Express $3,508.31

Como señaláramos anteriormente, el TPI denegó en su totalidad la quinta causa de acción. El foro sentenciador concluyó que el apelante no aportó prueba que demostrara que las alegadas deudas eran gananciales, por lo que responsabilizó al apelante por el pago de las mismas. Ante nos, el apelante arguye que el TPI erró en su apreciación de la prueba presentada.
De igual forma, el séptimo señalamiento de error se reduce a un cuestionamiento de la apreciación de la prueba testifical que se desfiló ante el TPI. Específicamente, el apelante nos plantea que el juzgador de los hechos erró en cuanto a la apreciación de la veracidad, credibilidad y honestidad de la apelada. Sostiene que el “demeanor” y el comportamiento de la apelada durante la vista en su fondo denotan total deshonestidad. Dado que tanto en el sexto señalamiento de error como en el séptimo señalamiento de error el apelante cuestiona la apreciación que de la prueba desfilada realizó el TPI, discutiremos ambos errores conjuntamente.
Sobre el particular, destacamos nuevamente la norma que establece que la apreciación de la prueba realizada por el tribunal sentenciador y la credibilidad que dicho foro otorgue a la prueba debe ser objeto de gran deferencia por los tribunales apelativos, los cuales, en ausencia de circunstancias extraordinarias o que demuestren que el tribunal apelado actuó movido por pasión, prejuicio, parcialidad o error manifiesto, no deben intervenir con las determinaciones de hechos de este último. Ramos Milano v. Walmart, res. el 8 de junio de 2006, 2006 JTS 106; Argüello López v. Argüello García, 155 D.P.R. 62, 78-79 (2001).
La Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.2, establece, en lo pertinente, que “[l]as determinaciones de hechos basadas en el testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos”.
En cuanto a los señalamientos de error sexto y séptimo, concluimos que la apreciación que de la prueba presentada realizó el tribunal de instancia merece nuestra deferencia. Hemos considerado la totalidad del expediente, incluyendo los autos originales y la transcripción del juicio en su fondo; el apelante no nos ha demostrado que el tribunal de instancia actuó movido por pasión, prejuicio, parcialidad o error manifiesto, razón por la cual no intervendremos con las determinaciones de dicho foro. No se cometieron los errores señalados.
En su octavo señalamiento de error, el apelante aduce que el TPI erró en la concesión de ciertos créditos reclamados por la apelada. Los créditos concedidos a la apelada, e impugnados por el apelante, son los siguientes:

“1. $3,000.00 por el costo de unos muebles

2. $4,000.00 por concepto de renta de la residencia como oficina

3. $5,400.00 por premios recibidos en juegos de casino

*1105
4. $1,217.32 pagados por la aseguradora del vehículo como resultado de un accidente

5. $818.36por la venta de libros de la hija de la apelada”.

Nuevamente, debido a la ausencia de error manifiesto, pasión, prejuicio o parcialidad en la apreciación de la prueba y la adjudicación de credibilidad efectuada por el tribunal de instancia, no intervendremos con las no concesiones de dichos créditos. Recordemos que el TPI fue quien vio y oyó declarar a la señora Aldrich Méndez. La determinación de credibilidad del tribunal sentenciador es merecedora de gran deferencia por parte de este Tribunal. Trinidad v. Chade, 153 D.P.R. 280 (2001); Argüello López v. Argüello García, supra.
Por último, mediante el noveno señalamiento de error, el apelante cuestiona la aplicación de la doctrina de enriquecimiento injusto a favor de la apelada. En apoyo de dicha contención, el apelante se limita a ofrecer una escueta argumentación a los efectos de que se probó fehacientemente la solvencia económica del apelante y la insolvencia económica de la apelada. El apelante no nos ha puesto en condiciones de adjudicar este señalamiento de error, ya que éste se ha quedado en simples alegaciones. Sabido es que este Tribunal no puede descansar en las meras alegaciones para revisar los dictámenes judiciales. Es doctrina firmemente establecida que los tribunales apelativos no podemos fallar a base de los “...hechos que nos presentan las partes en sus alegatos, sino que tenemos que atenernos a las conclusiones de hechos del tribunal de instancia y a la transcripción de la evidencia”. E.L.A. v. Mercado Carrasquillo, 104 D.P.R. 784, 789 (1976).
En conclusión, no se cometieron ninguno de los errores señalados por el apelante. Ahora bien, no podemos pasar por alto el hecho de que en la sentencia apelada, el TPI señaló que había un sobrante de $12,588.39, correspondiente a la diferencia entre los créditos que determinó que tenían las partes a su favor. En efecto, se le reconoció al apelante un crédito de $34,220.07 por concepto de las mejoras que realizó en la residencia de la apelada; y se le reconoció a la apelada un crédito de $21,631.68. Por lo tanto, al apelante le debiera corresponder el sobrante de $12,588.39. Sin embargo, el TPI decidió no reconocer crédito alguno a ninguna de las partes, ya que “no se probó que alguna de éstas utilizara el sobrante para su uso personal”. Aunque ello no se planteó como error, somos de la opinión que dicha determinación del TPI constituye un error manifiesto que debemos corregir. Habiéndosele reconocido un crédito de $34,220.07 al apelante y un crédito de $21,631.68 a la apelada, concluimos que la diferencia entre ambos créditos, la suma de $12,588.39, le corresponde al apelante. Procede que modifiquemos la sentencia apelada para conceder al apelante la suma de $ 12,588.39.
IV
Por los fundamentos antes expuestos, se modifica la sentencia apelada, únicamente a los fines de conceder al apelante la suma de $ 12,588.39 y, así modificada, se confirma.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIOS 2009 DTA 59

1. Las estipulaciones de las partes hechas en corte abierta y que fueron aprobadas por el TPI están enumeradas en la Parte III de la sentencia apelada. Véase Opinión y sentencia, págs. 28-29 del Apéndice del recurso de apelación.

2. En el documento titulado Certificación, suscrito por la Sra. Velda González de Modestti, ésta expresó que el apelante arrendó y vivió en el apartamento 2009 del Condominio Condado del Mar, propiedad de la Sucesión de Don Héctor L. Modestti, desde el 1 de agosto de 1991 hasta el 30 de octubre de 1991. Véase, Certificación, pág. 23 del Apéndice del recurso de apelación.
*1106 Por otro lado, en la Declaración so pena de perjurio, suscrito también por la Sra. González de Modestti, ésta declaró que, de verse obligada a comparecer a cualquier tribunal competente, declararía exactamente lo mismo que contiene la referida “certificación”. Véase, Declaración so pena de perjurio, pág. 24 del Apéndice del recurso de apelación.

3. Véase Minuta de 25 de enero de 2000, pág. 20 del Apéndice del recurso de apelación.

4. Transcripción de juicio en su fondo, Tomo I, pág. 101.

5. Véase Minuta de 25 de enero de 2000, pág. 21 del Apéndice del recurso de apelación.

6. Transcripción de juicio en su fondo, Tomo I, pág. 114.

7. Exhibit 3 de la parte demandante.